UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BYRD, #682089,

        Plaintiff,                       Hon. Robert J. Jonker

v.                                            Case No. 1:23-cv-304

UNKNOWN BENNETT, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 32). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility. The events giving rise to this action, however, occurred while Plaintiff was incarcerated at the Lakeland Correctional Facility (LCF). In his complaint, (ECF No. 1), Plaintiff alleges the following.

On February 7, 2022, Plaintiff was walking to the chow hall when he "stopped" to speak with another prisoner. At that moment, Corrections Officer Noah Bennett was sitting inside a guard shack adjacent to the chow hall. Upon seeing Plaintiff stop, Bennett "knock[ed] on the window and signal[ed] to [Plaintiff and the other prisoner] to

-1-

keep moving." When Plaintiff demanded to know who gave him the order to "keep moving," Bennett replied, "it was me you fucking idiot." Plaintiff responded by threatening to write a grievance against Bennett for derogatory language.

Soon thereafter, Plaintiff was informed by other prisoners that Bennett was searching his living area. During this search, Bennett "slammed Plaintiff's television onto his bunk shelf very hard, tore open Plaintiff's individual black tea bags and poured them onto Plaintiff's clothes in his locker." Bennett then confiscated, as contraband, Plaintiff's "hobbycraft property" as well as certain items of "personal clothing." After conducting his search, Bennett left Plaintiff's locker "in the middle of the cube."

Plaintiff later asked Corrections Officer Garrett Griffiths if Bennett was going to return his locker to its original location. When Griffiths answered in the negative, Plaintiff responded that he would file a grievance against Bennett. Griffiths instructed Plaintiff to return his locker to its proper location. Plaintiff refused this order after which Griffiths charged Plaintiff with disobeying a direct order. The following day, Griffiths again instructed Plaintiff to return his locker to its proper location. Plaintiff again refused after which Griffiths again charged Plaintiff with a misconduct for disobeying a direct order.

On February 9, 2022, Plaintiff was summoned by Sergeant Zachary Burrows to review Plaintiff's recent misconduct charges. At the conclusion of the meeting, Burrows instructed Plaintiff to take a copy of the Misconduct Report. When Plaintiff refused, Burrows charged Plaintiff with disobeying a direct order.

Plaintiff alleges that Defendants Bennett, Griffiths, and Burrows all violated his First Amendment right to be free from unlawful retaliation. Plaintiff further alleges that Defendant Bennett, by improperly confiscating his personal property, violated his Fifth Amendment right to be free from uncompensated governmental takings. Defendants Bennett, Griffiths, and Burrows now move for summary judgment. Plaintiff has responded to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d 465 at 474.

## ANALYSIS

**I.    Fifth Amendment**

Plaintiff alleges that Defendant Bennett confiscated his personal property without compensation in violation of his Fifth Amendment rights. As Defendants correctly note, Plaintiff has previously asserted identical claims, which were dismissed for failure to state a claim on which relief may be granted. As the Court previously observed:

> The Takings Clause of the Fifth Amendment of the United States Constitution, made applicable to the States via the Fourteenth Amendment, provides: "[N]or shall private property be taken for public use, without just compensation." One of the principal purposes of the Takings Clause is "to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.

*Byrd v. Washington*, 2021 WL 1200732 at *4 (W.D. Mich., Mar. 1, 2021) (internal citations omitted).

Accordingly, a prisoner property claim implicates the Takings Clause only if prison officials "took his personal property and converted it for public use without just compensation." *Id.* At *5 (citations omitted). Plaintiff has failed to present evidence that his personal property was converted for public use.

Rather, Plaintiff's claim is nothing more than a run-of-the-mill claim that a prison official improperly confiscated his personal property. As Defendants correctly observe, there exist long-recognized post-deprivation procedures by which prisoners, such as Plaintiff, can obtain reimbursement for the alleged loss or destruction of his personal property. (ECF No. 33, PageID.130-31). There is no indication Plaintiff has availed

-5-

himself of such relief.  Plaintiff's attempt to circumvent such avenues of relief by mischaracterizing this matter as a Takings claim falls short.  Accordingly, the undersigned recommends that Defendant Bennett is entitled to summary judgment on Plaintiff's Fifth Amendment claim.

## II. Retaliation

To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.  *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010). Moreover, claims of retaliation by prisoners must be especially scrutinized because such "are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Scott v. Groves*, 2015 WL 4642929 at *2 (E.D. Mich., Aug. 4, 2015).  This action highlights the need for such scrutiny.

### A. Defendant Bennett

As noted above, Plaintiff alleges that on the date in question he was walking to the chow hall when he "stopped" to speak with another prisoner.  After stopping, someone inside a guard shack instructed Plaintiff to "keep moving."  When Plaintiff demanded to know who gave that instruction, Defendant Bennett allegedly replied, "it was me you fucking idiot."  Plaintiff alleges that he responded by threatening to file a grievance against Bennett for using derogatory language.  In his deposition, Plaintiff

related this same general version of events. (ECF No. 33-2, PageID.168-72). Plaintiff alleges that it was in retaliation for this protected conduct that Bennett later searched his living space and destroyed certain items of personal property and confiscated other items of personal property.

A threat to file a grievance can constitute protected conduct but only if the threatened grievance would not be frivolous, abusive, or manipulative. *See, e.g., King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012); *Brown v. Bott*, 2025 WL 2237336 at *5 (W.D. Mich., Aug. 6, 2025) (citations omitted). A grievance is considered frivolous if it "abuses or manipulates the grievance system." *Id.* At *6 (citation omitted). Likewise, a prisoner "cannot immunize himself" from the adverse consequences of his conduct by claiming that any unpleasant occurrence was the product of retaliation. *Id.* (citation omitted).

It is well understood that "an inmate has no constitutionally protected right to be free from verbal abuse." *Scott v. Kilcherman*, 2000 WL 1434456 at *2 (6th Cir., Sept. 18, 2000). Accordingly, "[a] threat to file a grievance due to a prison guard's verbal abuse of the prisoner was not protected conduct because a grievance asserting verbal abuse by a prison guard is frivolous." *Good v. Spencer*, 2022 WL 9813754 at *4 (W.D. Mich., July 19, 2022) (citing *Kilcherman*, 2000 WL 1434456 at *2). Accordingly, because Plaintiff was not engaged in protected conduct, the undersigned recommends that Defendant Bennett's motion for summary judgment be granted.

### B. Defendant Griffiths

Plaintiff alleges that, after conducting his search of Plaintiff's living space, Bennett left Plaintiff's locker "in the middle of the cube." Griffiths later ordered Plaintiff to return his locker to its proper location. Plaintiff concedes in an affidavit that he disregarded these orders because he felt that it was Bennett's responsibility to return the locker to its proper location. (ECF No. 35-2, PageID.331). Plaintiff likewise concedes that rather than comply with Griffiths' order, Plaintiff informed Griffiths that he would file a grievance against Bennett for failing to return the locker to its proper location. *Id.* In response to Plaintiff's threat to file a grievance, Griffiths allegedly retaliated against Plaintiff by charging him with disobeying a direct order. Plaintiff's claim against Defendant Griffiths fails because Plaintiff cannot establish the requisite causal connection.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from

which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court has held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019); *see also*, *Soldan v. Robinson*, 2023 WL 7183154 at *3 (causation cannot be established "if the same decision would have been reached absent [the] protected conduct").

Plaintiff concedes that he disobeyed Griffiths' direct order to move his locker. Defendant Griffiths has submitted a sworn statement in which he asserts that his decision to charge Plaintiff with a misconduct was unrelated to Plaintiff's threat to file a grievance but was simply in response to Plaintiff's refusal to obey his order. (ECF No. 34-1, PageID.301-03). Thus, Plaintiff cannot establish that Griffiths' decision to charge

him with disobeying a direct order was caused by his threat to file a grievance. Accordingly, the undersigned recommends that Defendant Griffiths' motion for summary judgment be granted.

### C. Defendant Burrows

As previously noted, Plaintiff alleges that he met with Defendant Burrows to review his various misconduct charges. At the conclusion of the meeting, Burrows ordered Plaintiff to take copies of the Misconduct Reports. When Plaintiff refused, Burrows charged him with disobeying a direct order. Plaintiff alleges that Burrows charged him with a misconduct violation as retaliation for previous grievances he filed.

Plaintiff concedes that he refused Burrows' order on the ground that such was "unreasonable." (ECF No. 1, PageID.6). Defendant Burrows has submitted a sworn statement in which he asserts that his decision to charge Plaintiff with a misconduct was unrelated to any grievances Plaintiff may have filed but rather was simply in response to Plaintiff's refusal to obey his order. (ECF No. 33-11, PageID.258-61). Thus, Plaintiff cannot establish that Burrows' decision to charge him with a misconduct violation was caused by any protected conduct in which he may have been engaged. Accordingly, the undersigned recommends that Defendant Burrows' motion for summary judgment be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 32) be granted and this matter terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 8, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge